UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTWOAN SASHINGTON | CIVIL ACTION |
| VERSUS | NO: 17-557 |
| GEORGIA-PACIFIC LLC | SECTION: "J" (5) |

## ORDER AND REASONS

Before the Court is a *Motion to Transfer Venue* **(Rec. Doc. 9)** filed by Georgia-Pacific LLC ("Defendant"), an opposition thereto filed by Antwoan Sashington ("Plaintiff") (Rec. Doc. 11), and a reply filed by Defendant (Rec. Doc. 14). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This case arises from an injury Plaintiff sustained while working at a facility owned by Defendant. Plaintiff alleges that he is a resident of Alabama and was employed by Envirovac Holdings, LLC ("Envirovac") of McIntosh, Alabama as a general laborer at all times relevant to this litigation. (Rec. Doc. 1 at 1.) He states that on or about January 5, 2017, Envirovac sent him to a facility owned by Defendant in Zachary, Louisiana to perform industrial cleaning services. *Id.* at 2. Plaintiff alleges that a piece of equipment fell and hit a boiler near where he was working, causing

1

hot ash to blow out of the boiler and cover him. *Id*. Plaintiff alleges that he has suffered severe burning which has and will continue to require extensive medical treatment. *Id*. at 2-3.

Plaintiff brought suit against Defendant on January 24, 2017, alleging that the incident was caused by Defendant's negligence. *Id*. at 2. On March 14, 2017, Defendant filed the instant motion to change venue (Rec. Doc. 9), requesting that the Court transfer the action to the United States District Court for the Middle District of Louisiana ("Middle District").

## **LEGAL STANDARD AND DISCUSSION**

Defendant requests a transfer to the Middle District pursuant to 28 U.S.C. § 1404(a), which provides the Court with discretion to transfer any civil action to another district "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). District courts have broad discretion when making this determination. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (*Volkswagen II*). The party requesting a venue transfer must make a threshold showing that venue is proper in the transferee venue, and also must show "good cause" for the transfer. *Id.* at 315 n.10. Good cause exists when the movant demonstrates that the requested venue is "clearly more convenient" than the venue chosen by the plaintiff. *Id.* at 315. But "when the transferee venue is not

clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.*

Plaintiff does not dispute that this case could have been brought in the Middle District. Accordingly, the relevant inquiry is whether Defendant has demonstrated good cause by establishing that the Middle District is clearly more convenient than the Eastern District. Courts determine the relative convenience of the parties by weighing certain private and public interest factors. *Volkswagen II*, 545 F.3d at 315 (adopting factors first articulated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1949) in the context of *forum non conveniens*). The private interest factors are:

> (1) the relative ease of access to sources of proof;
> (2) the availability of compulsory process to secure the attendance of witnesses;
> (3) the cost of attendance for willing witnesses; and
> (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Volkswagen II*, 545 F.3d at 315 (line breaks added). The public interest factors are:

> (1) the administrative difficulties flowing from court congestion;
> (2) the local interest in having localized interests decided at home;
> (3) the familiarity of the forum with the law that will govern the case; and
> (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

3

*Id.* (brackets in original) (line breaks added). These factors are "not necessarily exhaustive or exclusive," and none are dispositive. *Id.*

**<u>Private Interest Factors</u>**

Defendant argues that the private interest factors support transfer to the Middle District. In particular, Defendant argues that because its facility is approximately 100 miles from the Eastern District Court, certain witnesses needed for a trial or deposition may possibly be outside the Court's subpoena power. Because of this distance, Defendant also argues that a potential trial would expensive and inconvenient for any of its employees or other witnesses residing in the Middle District to attend. However, application of the private interest factors does not support Defendant's argument that the Middle District is clearly more convenient than the Eastern District.

(1)  Access to Proof

This first factor often turns "upon which party will most probably have the greater volume of documents relevant to the litigation." *MGT Gaming, Inc. v. WMS Gaming, Inc.*, 978 F. Supp. 2d 647, 668 (S.D. Miss. 2013). The incident giving rise to this litigation took place in the Middle District and it follows that evidence relating to the incident would be found there. On the other hand, Plaintiff is being treated for his injuries in Alabama, so evidence concerning his medical treatment will be found outside

4

of both the Eastern and Middle Districts. *See Perry v. Autocraft Investments, Inc.*, No. 4:13-CV-01959, 2013 WL 3338580, at *2 (S.D. Tex. July 2, 2013) (granting a motion to transfer when the accident occurred in the transferee district and the plaintiff was receiving treatment in that district). Additionally, Plaintiff asserts that Defendant's headquarters are located in Atlanta, Georgia.[1] A company's headquarters often contains important documentation about the entity. *See Broussard v. First Tower Loan, LLC*, 135 F. Supp. 3d 540, 546 (E.D. La. 2015) ("Typically, documents concerning corporate parties are located at the corporation's headquarters.") Thus, it is likely that any documentation about Defendant is located outside both the Eastern and Middle Districts. Given the different locations that relevant documents are likely to be found, this factor weighs only slightly in favor of transfer.

(2)     Compulsory Process

The second factor takes into account the relative subpoena power of the venues. *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Rule 45(c)(1) of the Federal Rules of Civil Procedure provides two scenarios whereby a person residing outside the district may be commanded by subpoena "to attend a trial, hearing, or deposition." First, all persons who reside, are

---

[1] Defendant states that it is an LLC with all its members domiciled outside of Louisiana (See Rec. Doc. 9-1 at 1.) Plaintiff asserts that Defendant is a "national corporation" with its principal place of business and headquarters in Atlanta, Georgia, and Defendant does not rebut this allegation in its reply. (See Rec. Doc. 11 at 4 and Rec. Doc. 14.)

5

employed, or regularly transact business within 100 miles of the Court may be commanded by subpoena. Fed. R. Civ. P. 45(c)(1)(A). Second, a subpoena may command the attendance of any person who resides, is employed, or regularly transacts business in the State and is either a party to the case, a party's officer, or "is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B)(i)-(ii).

Neither party disputes that Defendant's Zachary[2] facility is located 99.7 miles away from this Court, falling barely within the 100 mile radius of Rule 45 (c)(1)(A). Therefore, all employees of Defendant who are employed at the facility would be subject to this Court's subpoena power. Defendant asserts that it is possible that certain witnesses may be outside the Court's subpoena power, but provides no specific examples. Because the incident giving rise to this litigation occurred just shy of 100 miles from this Court, this factor does not weigh in favor of transfer.

(3)   Cost of attendance for willing witnesses

The convenience of the witnesses is an important factor in a venue transfer analysis. *See Modern Am. Recycling Servs., Inc. v. Dunavant*, No. CIV. A. 10-3153, 2011 WL 1303136, at *6 (E.D. La. Mar. 31, 2011). The convenience of nonparty witnesses is more

---

[2] Defendant argues that its facility is actually located in Port Hudson, Louisiana, which Defendant avers is adjacent to Zachary. (Rec. Doc. 9-1 at 1.) However, Defendant does not argue in either memorandum that the facility is located more than 100 miles from the Eastern District Court.

6

important and entitled to more weight than the convenience of party witnesses. *Remmers v. United States*, No. CIV. A. 1:09-CV-345, 2009 WL 3617597, at *5 (E.D. Tex. Oct. 28, 2009). In order for the Court to weigh this factor in favor of transfer, the moving party "must identify the key witnesses to be called and present a generalized statement of what their testimony would include." *Id.* (citing *Williams v. Southern Towing Co.*, No. Civ. A. 03-2688, 2004 WL 60314, at *2 (E.D. La. Jan. 8, 2004)).

Here, Defendant fails to identify any key nonparty witnesses for whom the cost of attendance would be burdensome. Additionally, Plaintiff asserts that employees or representatives of Envirovac will likely be implicated in this litigation and that the company's headquarters are in Georgia.[3] Plaintiff argues that the Eastern District is a more convenient location than the Middle District for these potential nonparty witnesses because the Eastern District is closer to Georgia. Finally, Plaintiff is being treated for injuries in Alabama and the traveling to the Eastern District will be less costly for him and his treating physicians. This factor weighs against transfer.

---

[3] The Court notes that Plaintiff's complaint states that Envirovac is a McIntosh, Alabama company (*see* Rec. Doc. 1 at 1), but states that Envirovac is "headquartered in Georgia" in its opposition to the instant motion (*see* Rec. Doc. 11 at 6).

7

(4)     All other Practical Problems

Defendant does not argue that the current venue creates any other practical problems and there is no reason to believe any problems would be mitigated by a venue transfer.  This factor is neutral and does not weigh in favor of transfer.

**Public Interest Factors**

Defendant does not specifically argue how the public interest factors support a change of venue, and none of these factors weighs in favor of transfer.  First, Defendant does not argue that the adjudication process is likely to proceed more quickly in the Middle District than the Eastern District.  However, even if Defendant did make such an argument, this factor is more speculative than the others and there is no indication that this case would move more quickly in the Middle District. *See Doe v. Marine-Lombard*, No. CV 16-14876, 2016 WL 6602572, at *4 (E.D. La. Nov. 8, 2016).  Nor is the local interest in having localized interests decided at home implicated in this case, since all Louisiana citizens have a similar interest in its outcome. Finally, both Courts are in Louisiana and are equally familiar with the Louisiana law to be applied and there is no reason to believe a conflict of law issue exists here.

## CONCLUSION

A review of the private and public interest factors reveals that Defendant has failed to demonstrate good cause for a transfer of venue to the Middle District.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Transfer of Venue **(Rec. Doc. 9)** is **DENIED**.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE