UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ANTWOAN LYNOTUS SASHINGTON**      CIVIL ACTION

**VERSUS**      NO:   17-557

**GEORGIA-PACIFIC, LLC.**      SECTION: "J" (4)

## ORDER

Before the Court is a **Motion to Compel Discovery Production of Documents by Defendant Georgia-Pacific (R. Doc. 93)** to compel Intervenor Envirovac Holdings, LLC ("Envirovac") to produce the documents requested in GP's Second Set of Requests for Production of Documents. The motion is opposed. R. Doc. 99. Oral argument was heard on the briefs.

**I.**  **Background**

Sashington was employed by Envirovac Holdings LLC (Intervenor)[1] a provider of industrial cleaning services as a general laborer when a piece of equipment fell and hit a boiler causing hot ash to blow out of the boiler and cover him. (Rec. Doc. 1) Id. Plaintiff alleges that he has suffered severe burning which has and will continue to require extensive medical treatment.

Now Georgia-Pacific, the defendant in this matter seeks to compel the employee files of two former Envirovac employees, Jack Duff ("Duff") and Justin Schaefer') purportedly because their credibility is relevant to its comparative fault defenses.[2] (Rec. doc. 93) Duff and Schaefer were placed in supervisory and safety management positions by Enfirovac during the agglomeration removal job in January 2017. Envirovac contends that its former employee files are not relevant, and subject to Privacy and HIPPA protections. Rec. doc. 93-3.

---

[1] Envirovac paid worker's compensation benefits consisting of indemnity and health care treatment in error and now seeks to be reimbursed for their over payment. Rec. doc. 24.
[2] GP propounded two requests for Production to Enfirovac. The first request sought the production of Jack Duff's employee file and the second request sought the production of Justin Schaefer's file.

1

## II.    Standard of Review

Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged.  Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered."  Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id*.

## III.    Analysis

GP seeks the production of two former supervisor's employee files because they were in supervisory and safety management positions during the January 2017 agglomeration removal job. Envirovac opposes the motion because its employee files are not relevant to it intervention. GP intends to call Jack Duff and Schefer at trial regarding the introduction of water into Power Boiler #6 by GP personnel before the incident.  GP contends further that during its investigation it learned that Duff and Schaefer were fired by Envirovac after testing positive for using illegal drugs. Duff and Schaefer were the only Envirovac employees who claim to have seen water in Power Boiler #6 on the night of plaintiff's accident.  As a result, plaintiff contends that their credibility is critical to GP's defense.

Envirovac opposes the motion. Rec. doc. 99. It contends that the information requested is not relevant to its intervention. It further contends that it is protected by HIPPA and Privacy statutes namely La. R.S.23:1081 Envirovac does not however address the timeliness of its

responses which was not made until December 11, 2019 even though propounded on October 10, 2019.

Although Envirovac failed to timely respond to the requests, because it concerns two former employees who are witnesses in the case, the Court will not deem the privacy objections waived despite its negligence. Envirovac also opposes the production of evidence of any evidence of drug use because to do so would violate La. Revised Statute 23:1081.

The Court in assessing the relevancy of their employee file finds that their creditability is an issue and so thereto is their conduct as employees. However, La. Revised Statute 23:1081 provides :

> All information, interviews, reports, statements, memoranda, or test results received by the employer through its drug testing program are confidential communications and may not be used or received in evidence, obtained in discovery, or disclosed in any public or private proceeding, except in a proceeding related to an action under R.S. 23:1021 et seq. or R.S. 23:1601(10) in a claim for unemployment compensation proceeding, hearing, or civil litigation when drug use by the tested employee is relevant.

La. Revised Statute 23:1081 expressly prohibits the discovery and disclosure of the drug testing results. It does not however preclude other evidence that may be present in the employee file that would be relevant and go to the issue of credibility.

Therefore, employee file for Duff and Schaefer except for any drug testing results shall be produced for *in camera review.* After the Court's review of their files, any items that are deemed relevant and ordered produced will be subject to the Consent Protective Order. (Rec. doc. 62).

Accordingly,

**IT IS ORDERED** that GP's **Motion to Compel Discovery Production of Documents by defendant Georgia-Pacific** ( R. Doc. 93) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS ORDERED THAT ENVIROVAC SHALL** produce the employee files (Bates stamped) of Schaeffer and Duff excluding all drug test results for *in camera* review no later than

14 days from the issuance of this order. After its review the Court will issue a brief supplemental order addressing which if any of file contents are relevant to the creditability issue.

**IT IS DENIED TO THE EXTENT THAT** the employee files of Duff and Schaefer contain and drug testing results in compliance with La. R.S. 23:1081.

New Orleans, Louisiana, this 15th day of May 2019.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**